GOLD v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Term. November 18, 1903.)

1. CARRIERS—STREET RAILROADS—PERSONAL INJURIES—INSTRUCTION.
    The complaint in a personal injury action alleged that the accident occurred in C. street at or near the intersection thereof with H. street. Plaintiff testified that at the time she attempted to get on the car by which she was injured it stood waiting for her on the north side of H. street, but was contradicted in this testimony by two of her own witnesses. The court was requested to charge that, if the jury found that the car stopped at the north side of H. street only, they must find for defendant. Held, that the refusal to charge as requested was proper.

Appeal from City Court of New York, General Term.

Action by Katie Gold against the Dry Dock, East Broadway & Battery Railroad Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Henry A. Robinson, Bayard H. Ames, and F. Angelo Gaynor, for appellant.

Alfred & Charles Steckler, for respondent.

FREEDMAN, P. J. The appellant's brief presents but one point, viz., that the court erred in refusing to charge the jury, as requested, that, if they find that its car stopped at the north side of Hester street only, they must find a verdict for the defendant, and in ruling to

leave that question of fact to the jury. The defendant's counsel excepted generally, failing to specify whether he excepted to the refusal to charge as requested, or to the court's leaving the question of fact to the jury. But even if the exception be deemed to relate specifically to the refusal to charge as requested, it is untenable, under the evidence. The complaint averred the accident to have occurred in Clinton street at or near the intersection thereof with Hester street, and the case did not turn exclusively upon the question as to the exact spot at which the car had stopped. The material issue in the case was whether or not the plaintiff attempted to board the car while in motion, or after it had stopped for the purpose of allowing her to get on board. There was a dispute as to whether the car had to stop on the north or the south of Hester street, and the theory of the defense was that the plaintiff stood on the south side of Hester street; that the car passed her, and intended to stop for her at the north side; that the plaintiff ran after the car, and attempted to get on, and was injured before it could be stopped; and that it was stopped on or near the north side of Hester street. But the plaintiff had testified to the effect that the car had crossed Hester street, and, at the time she attempted to get on, stood waiting for her on the uptown corner of Hester street, which meant the north side. In view of this testimony on the part of the plaintiff, although contradicted by two of her own witnesses, the court properly refused to charge as requested.

The judgment and order must be affirmed, with costs. All concur.